**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 14a0826n.06

No. 13-6301

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Oct 31, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| KELVIN DERNARD BADGER, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SUTTON and KETHLEDGE, Circuit Judges; ROSENTHAL, District Judge[*]

PER CURIAM. Kelvin Dernard Badger was serving a life sentence for drug trafficking when a random search at the penitentiary turned up nine packets of heroin stuffed in his pants pockets. He pleaded guilty to possessing heroin, preserving the right to appeal his sentence.

At sentencing, the district court noted the difficulty of finding an appropriate sentence for a man already serving life imprisonment. The court sentenced Badger to 60 months, consecutive to his outstanding sentence, noting that the added five years would likely have little effect on him but might deter others. To impose a punishment that would matter to Badger, the court also fined him $5,000, stating that he could pay by working in prison and by using money that his family regularly deposited into his prison account. The court did not set a payment schedule. Instead, the

---

[*]The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

court ordered the Bureau of Prisons (BOP) to seize half of the funds in Badger's prison account and half of all future deposits to collect the fine.

Badger appealed the prison sentence and the fine as procedurally wrong and substantively unreasonable. He also appealed district court's fine-collection order, arguing that it violated the Consumer Credit Protection Act, 15 U.S.C. § 1673 ("CCPA"). Shortly before oral argument, the government acknowledged that the collection order was improper, but on a different ground. We VACATE the collection order based on the confessed error, AFFIRM the sentence and fine amount, and REMAND for resentencing consistent with this opinion.

We review claims that a district court improperly applied the Guidelines or failed adequately to address the 18 U.S.C. § 3553(a) factors for abuse of discretion. *United States v. Hall*, 632 F.3d 331, 335 (6th Cir. 2011). When, as here, a defendant argues to the district court that a more lenient sentence should be imposed and explains why, the abuse of discretion standard applies. *United States v. Herrera-Zuniga*, 571 F.3d 568, 580 (6th Cir. 2009); *United States v. Vonner*, 516 F.3d 382, 390 (6th Cir. 2008). We review a district court's determination that a defendant is able to pay a fine for clear error. *United States v. Hickey*, 917 F.2d 901, 906 (6th Cir. 1990). At sentencing, Badger's only objection to the fine was that he could not pay. Because Badger did not object to the collection order, our review of this claim is for plain error. *See United States v. Campbell*, 317 F.3d 597, 601 (6th Cir. 2003).

Badger's procedural and substantive challenges to the length of the sentence fail. The record shows that the district court did not abuse its discretion in explaining or imposing the above-

Guidelines 60-month sentence, given Badger's prior convictions and the importance and difficulty of keeping drugs out of the prisons.

Badger contends that the fine was procedurally improper because the district court applied a presumption of reasonableness to the Guidelines fine range and did not adequately analyze Badger's ability to pay. The record makes clear that the district court properly considered factors beyond the Guidelines range in determining whether to impose the fine and how large to make it. The record is also clear that in determining Badger's ability to pay, the district court examined the balance of his prison account, his capacity for future earnings in prison, and the fact that during each of the preceding six months, his family had deposited approximately $250 into his prison account. At that rate, Badger could pay the full fine in three years. We find no abuse of discretion, much less clear error, in the district court's decision to impose the $5,000 fine.

Badger additionally claims that the fine was procedurally improper because the district court's order that the BOP garnish 50% of Badger's prison account and future deposits into the account violated the CCPA's limit on garnishment orders to 25% of disposable earnings for a work week. The government responded that garnishment orders to collect criminal fines are exempt from the CCPA's 25% limit. Shortly before argument, the government — to its credit — conceded that the district court had improperly ordered garnishment at the outset, before any default.

Federal law authorizes a court to impose a fine as part of a criminal sentence and to require either a lump sum or installment payments. 18 U.S.C. §§ 3571(a), 3572(d). If the defendant fails to make the required payments, the district court may issue collection orders, including garnishment

"in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a) ("Civil remedies for satisfaction of an unpaid fine"); *see also* 18 U.S.C. § 3613A ("Effect of default," authorizing a court to "take any other action necessary to obtain compliance with the order of a fine or restitution" after a defendant has been delinquent in his payments). Because Badger had not defaulted on paying the fine when the district court ordered garnishment, the court lacked the statutory authority to do so. For this reason, we VACATE the district court's collection order, AFFIRM the remainder of the sentence, and REMAND for resentencing consistent with this opinion.