ELIZABETH A. WOLFORD, United States District Judge
Presently before the Court is the Government's motion to authorize payment *922 from defendant Harris Hickman's ("Defendant") inmate trust account in order to satisfy the criminal monetary obligations imposed by the judgment against Defendant in this case. (Dkt. 66). Defendant, proceeding pro se , opposes the motion. (Dkt. 67). Because the Government has failed to present sufficient proof of Defendant's alleged default in his payment obligations, the Court denies the Government's motion without prejudice. (Dkt. 66).
BACKGROUND
Following a guilty plea, Defendant was convicted of sex trafficking of a minor in violation of 18 U.S.C. § 1591(a)(1) and (b)(2). (Dkt. 60 (Plea Agreement); Dkt. 63 (Judgment) ). On November 21, 2016, this Court sentenced Defendant to a total of 188 months' imprisonment, followed by five years of supervised release. (Dkt. 63 at 2-3). The Court also ordered Defendant to pay a fine of $3,000 and a mandatory special assessment of $100. (Id. at 5). Defendant's fine was due according to the following schedule:
While incarcerated, if the defendant is non-UNICOR or UNICOR grade 5, the defendant shall pay installments of $25 per quarter. If assigned grades 1 through 4 in UNICOR, the defendant shall pay installments of 50% of the inmate's monthly pay. While on supervision, the defendant shall make monthly payments at the rate of 10% of monthly gross income.
(Id. at 6). Defendant's special assessment was "due immediately," with payment to begin under the Bureau of Prison's ("BOP") Inmate Financial Responsibility Program. (Id. ). No restitution was requested or ordered as part of Defendant's sentence. Defendant did not appeal his conviction or sentence.
On April 4, 2018, the Government moved for an order authorizing the BOP to turn over $3,100.00 of the funds held in Defendant's inmate trust account to the Clerk of Court as payment of Defendant's outstanding criminal monetary penalties (the fine and special assessment). (Dkt. 66). According to the Government, as of the date of the motion, Defendant had not made any payments toward either the fine or the special assessment, but he had $3,467.32 in an inmate trust account maintained by the BOP. (Id. at ¶¶ 3, 5). The Government submitted no evidentiary proof in support of its motion, which was unsworn. (See id. ).
On April 19, 2018, Defendant responded in opposition to the Government's motion. (Dkt. 67). In a similarly unsworn filing lacking any evidentiary support, Defendant represents that "on April 8, 2018, the BOP 'disbursed' $25.00 from [his] Inmate Trust Fund Account, 'finally' complying with this Honorable Court's original [judgment]." (Id. at 3). He represents that the funds in the account have come from his mother's estate and asks the Court to take $1,600.00 from his account, and, of that amount, apply $100.00 toward the special assessment and $1,500.00 to the fine. (Id. at 2). He asks that the Court not seize the remaining $1,500.00 that would be owed on the fine, arguing that he is incarcerated until 2028, "which is ample time to pay for the balance that is or would be due." (Id. at 3). He proposes that the balance of $1,500.00 be paid quarterly. (Id. at 4).
DISCUSSION
"A defendant who has been found guilty of an offense may be sentenced to pay a fine." 18 U.S.C. § 3751(a). When determining whether to impose a fine, a court should consider several factors set forth in 18 U.S.C. § 3572(a), in addition to those set forth in 18 U.S.C. § 3553(a). See id. § 3572(a). The § 3572(a) factors include, inter alia , "the defendant's income, earning capacity, and financial resources" and "the burden that the fine will impose upon the defendant, any person who is financially *923 dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose." Id. § 3572(a)(1), (2).
When a defendant does not make payment of a fine, 18 U.S.C. § 3613 provides "[c]ivil remedies for satisfaction of an unpaid fine." Section 3613(a) provides that "[t]he United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." Id. § 3613(a). Further, "a judgment imposing a fine may be enforced against all property or rights to property of the person fined," with certain exceptions not relevant here. Id. Under 18 U.S.C. § 3613(c), "[a] fine ... is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." Id. § 3613(c).
Under 18 U.S.C. § 3613A, entitled "Effect of default," a court is authorized to "take any other action necessary to obtain compliance with the order of a fine or restitution" if it finds that a defendant is in default on a payment of a fine. Id. § 3613A(a)(1). Provisions governing default on payment of a fine are set forth in 18 U.S.C. § 3572(i) as follows:
A fine or payment of restitution is in default if a payment is delinquent for more than 90 days. Notwithstanding any installment schedule, when a fine or payment of restitution is in default, the entire amount of the fine or restitution is due within 30 days after notification of the default.
Id. § 3572(i). Entitled "Collection of an unpaid fine," 18 U.S.C. § 3612 makes the Attorney General responsible for collecting unpaid fines and requires notification upon determination of delinquency and default. Id. § 3612(c) - (e).
In addition, the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A et seq. , in a provision entitled "Procedure for issuance and enforcement of order of restitution," states as follows:
If a person obligated to provide restitution, or pay a fine , receives substantial resources from any source , including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.
Id. § 3664(n) (emphasis added).
District courts have reviewed the provisions of § 3613 and § 3664(n) and issued an order authorizing payment from a defendant's inmate trust account where the defendant had not paid an order of restitution either at all or in full. See, e.g., United States v. Howell , No. 5:10-CR-00011-RLV-DCK-1, 2017 WL 3301358, at *1 (W.D.N.C. Aug. 2, 2017) (authorizing turnover of funds from inmate trust account toward unpaid restitution); United States v. Hill , No. 4:13-CR-28-BR, 2017 WL 2964016, at *2 (E.D.N.C. May 24, 2017) (same); United States v. Smalls , No. 1:96-cr-00075-MR-DLH-1, 2016 WL 6582473, at *2 (W.D.N.C. Nov. 4, 2016) (same); United States v. Hester , No. 10cr2967 BTM, 2016 WL 1007335, at *2-3 (S.D. Cal. Mar. 14, 2016) (same and collecting cases).
At least one district court has also applied those two statutes to an unpaid fine and issued an order authorizing the BOP to turn over funds from an inmate trust account to satisfy an unpaid fine. See United States v. Brown , No. 01-cr-30123-MJR, 2017 WL 3493021, at *2 (S.D. Ill. Aug. 15, 2017). In addition to §§ 3613 and 3664(n), the Brown court relied on those cases that have ordered the BOP to turn over funds *924 in an inmate trust account to satisfy a restitution obligation. Id.
Another district court has reached a conclusion contrary to that of the Brown court. In United States v. Woodard , No. 1:08-cr-191, 2016 WL 9406086 (W.D. Mich. June 24, 2016), the court denied the government's request for an order requiring immediate payment of the defendant's fine from his inmate trust account. Id. at *2-3. The Woodard court reasoned that such an order was inappropriate in the absence of any proof that the fine was in default. Id. at *3. The court concluded that where a defendant has not defaulted on payment of a fine, the court lacked statutory authority to collect the funds. See id. (citing United States v. Badger , 581 F. App'x 541, 543 (6th Cir. 2014) ("Because Badger had not defaulted on paying the fine when the district court ordered garnishment, the court lacked the statutory authority to do so.") ); see Badger , 581 F. App'x at 543 (vacating the district court's order allowing the BOP to garnish a defendant's prison account when the defendant had not defaulted on paying his fine); see also United States v. Pacheco-Alvarado , 782 F.3d 213, 219 (5th Cir. 2015) ("[A] district court cannot order the BOP to garnish a defendant's wages absent the defendant's default on paying his fine."). The Woodard court distinguished cases in which a court ordered the BOP to turn over inmate trust account funds to pay restitution, stating that "[r]estitution serves purposes different from the punitive purpose of a fine, and, in contrast to the statutory scheme set forth above governing fines, is imposed without consideration of the economic circumstances of a defendant." Id.
Of the two cases concerning fines that are summarized above- Brown and Woodard -the Court finds the Woodard court's analysis more persuasive. The court in Brown relied on cases dealing with restitution in order to reach its conclusion, without consideration of § 3572(i) (governing default on payment of a fine) or § 3612(c) - (e) (providing notice requirements in the event of delinquency or default). Moreover, this Court agrees with the Woodard court that the purpose of ordering a defendant to pay a fine is different than the purpose of ordering him to pay restitution.[1] Thus, the Court concludes that, in order to seize funds from Defendant's inmate trust account to pay the outstanding fine, the Court must first conclude that Defendant has defaulted on his payment obligations.
The Government's motion lacks any evidentiary proof of the contents of Defendant's inmate trust account or proof that Defendant has defaulted on the payment of his fine.[2] (See Dkt. 66). Indeed, Defendant asserts that the BOP has disbursed at least one $25.00 payment from his inmate trust account and that any delay in payment was the result of the BOP's failure to take funds from the account in accordance with this Court's judgment.
*925 (See Dkt. 67 at 3).[3] On the paltry record before it, the Court cannot determine whether any relief is warranted. Accordingly, the Court denies the Government's motion without prejudice.
CONCLUSION
For the reasons set forth above, the Court denies the Government's motion to authorize payment from Defendant's inmate trust account (Dkt. 66) without prejudice.
SO ORDERED.

It is not clear whether Defendant is obligated to disclose changes in his economic circumstances as the Government insists he is. (See Dkt. 66 at ¶ 10). The judgment includes the following instruction: "If ordered to pay restitution , the defendant must notify the court and United States attorney of material changes in economic circumstances." (Dkt. 63 at 1 (emphasis added) ). However, Defendant was not ordered to pay restitution, and the judgment contains no similar instruction for Defendant if ordered to pay a fine, as is the case here. (See id. ).

The Court notes that the Government, in its motion, has erroneously referred to Defendant's criminal monetary obligation as restitution. (See Dkt. 66 at ¶ 7 (arguing that the MVRA "requires that the defendant's resources received from any source during his term of incarceration must be applied to his outstanding restitution obligation" (emphasis added) ). However, Defendant owes no restitution. (See Dkt. 63 at 5).

Although Defendant proposes surrendering some portion of the funds in his inmate trust account to satisfy his financial obligations, the Court declines to require Defendant to do so because the Government has failed to meet its burden to establish Defendant's default.